## SCOTTISH-AMERICAN MORTGAGE Co. *v.* FOLLANSBEE and others.

*(Circuit Court, N. D. Illinois.* July, 1880.)

1. CLOUD ON TITLE—JUDGMENT CREDITORS MAY BRING SUIT.

    A judgment creditor has the right to proceed by ancillary proceedings, in any other court of concurrent jurisdiction with the court rendering the judgments, to remove clouds from titles to any property which he deems to be subject to the lien of his judgments.

2. ANOTHER ACTION PENDING—WHEN NOT A BAR.

    Where a party holds several judgments he may pursue his remedy as to each in separate courts, and the fact that there is a suit pending in one court involving substantially the same issues, and depending substantially on the same testimony, will not bar another suit in another court.

3. ESTOPPEL BY JUDGMENT.

    A party is not estopped by a judgment rendered in an action to which he was not a party, although the former suit related to the same property.

In Equity.

*J. L. High* and *Theodore Sheldon,* for complainants.

*McCoy & Pratt* and *N. E. Partridge,* for defendants.

BLODGETT, D. J.    I am very much adverse, although not more so than most courts, to these purely technical defenses which do not disclose the merits of the party's cause.    And, without going further at the present time, I will simply say, with reference to the plea filed by the three defendants, Charles Follansbee, Frank H. Follansbee, and Frederick C. Tyler, that it strikes me very forcibly—*First,* that the plaintiff in these judgments had the right, as it obtained them, to proceed by ancillary proceedings in any other court of concurrent jurisdiction with the court rendering the judgments to remove clouds from titles to any property which it deemed to be subject to the lien of its judgments; and that this complainant could, therefore, even simultaneously, if it had two judgments in the superior court of Cook county against Charles Follansbee, have proceeded by a bill in equity to remove an alleged cloud upon the title of this same property, in two different jurisdictions, to enforce the two judgments.    Although they might have been of kindred subject-matter, they are not the same, but are different suits.    Each judgment makes a separate cause of action, and it seems to me that the plaintiff has a right to pursue his remedy as to each judgment in separate courts; and the fact that there was a suit pending in one court which involved substantially the same issues, and would have to be supported or defeated by substantially the same testimony, would be no bar to com-

mencing another suit in another court to be supported or met by the same testimony; in other words, the same questions might be litigated if they were not precisely in regard to the same subject-matter.

Further than this, the judgments not being rendered at the same time, the judgments now before this court not being rendered until after those upon which the bill was filed in the state court, I am very clear that when the plaintiff obtained its second series of judgments it had the right to go into another forum, if it chose, having jurisdiction of the subject-matter and of the parties, for the purpose of attacking any alleged fraudulent conveyances which interfered with or were interposed against its rights.

Moreover, this plea seems to me to be defective in not stating what the decree or judgment of the superior court of Cook county was upon the former bill in equity. For aught that appears by the plea, complainant may have gone into court aad asked leave to dismiss, which may have been granted, and the defendants may have appealed from that order, as I understand may be done under the practice in the state courts. Defendants should have shown that there was an adjudication upon the merits in the superior court, in order to operate as a bar, since the appellate court has nothing but a revisory jurisdiction, and therefore it should be shown that the court of original jurisdiction did act or pass upon the merits of the cause.

I may be wrong in these views on first impression, but inasmuch as it strikes me that this whole case can be better met than by these pleas that stand right across the progress of the cause, I shall overrule this plea, with leave to these three defendants to set up so much of it as they may be advised, in their answer, so that the court may then see whether that shall be a bar to this suit or not.

With reference to the plea of Mrs. Follansbee, I am very clear that it contains nothing which can bar complainant from inquiring into the whole transaction between herself and her husband. It seems to me that there can be no estoppel and no bar by virtue of the suit between Mr. and Mrs. Follansbee in the superior court of Cook county. It is true that these judgments may have been obtained *pendente lite*, but that makes no difference in my view of the case. Complainant in this suit is bound by that decree no more than it would have been by a bargain between the parties. It is bound by no proceeding to which it is not a party, and is still at liberty to say that that was a voluntary conveyance by Mr. Follansbee to his wife, through Frank H. Follansbee and Frederick C. Tyler, and that this is merely a col-

orable title, and that the property should be subjected to these judgments. I am so clear upon this that I will not allow the defendant Mrs. Follansbee to answer this same matter.

The plea of Charles Follansbee, Frank H. Follansbee, and Frederick C. Tyler will be overruled, with leave to them to set up the matter of the plea in their answer. The plea of Mrs. Follansbee will be overruled, with leave to answer the bill upon the merits.